# In the United States Court of Federal Claims

No. 24-1260

Filed: August 19, 2024

|   |
|---|
| **TAMSEN and REGGIE BOWLES,** *Plaintiffs,* v. **THE UNITED STATES,** *Defendant.* |

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

    Pro se Plaintiffs, Tamsen and Reggie Bowles (collectively, "Plaintiffs"), seek $20,656,000 stemming from an alleged lack of oversight by the United States Department of Health and Human Services ("HHS") allowing state officials to wrongfully remove Plaintiffs' children from their custody. (*See* Compl., ECF No. 1). Plaintiffs also seek to proceed *in forma pauperis* ("IFP application").[1] (IFP App., ECF No. 2). In the interest of judicial efficiency, the Court grants Plaintiffs' IFP application; however, it dismisses their Complaint for lack of subject-matter jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    To proceed, the Court must determine whether it has subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). Generally, the Court reads pro se pleadings more liberally than those prepared by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); however, pro se

---

[1] The Court notes that the IFP application is incomplete. Plaintiffs do not list their last date of employment as required by question 2(b), (IFP App. at 2). However, they do answer that their expenses are paid for by "Veterans' benefits and Social Security," and that they have $100.00 in their checking/savings account. (*Id.*). Given those answers and because this case is dismissed on other grounds, the Court authorizes Plaintiffs to proceed without prepayment of the required fees. 28 U.S.C. §§ 1914, 1915.

plaintiffs must still meet their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Plaintiffs list the following statutory schemes as a basis for their Complaint:

> 18 U.S. Code 242 Deprivation of Rights Under Color of Law
> 18 U.S. Code 1038 Intent to convey false or misleading information under circumstances where such information may be reasonably believed and where such information indicates that an activity has been taken
> 18 U.S. Code 1621 Perjury
> 18 U.S. Code 1346 Scheme or artifice to defraud
> 18 U.S. Code 1590 Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor
> 18 U.S. Code 241 Conspiracy against rights
> 18 U.S. Code 2381 Treason
> 22 U.S. Code 6401 Violation of religious freedom related to vaccinations
> 42 U.S. Code 1307 Fraud Upon The Court
> 42 U.S. Code 1988 Proceedings in vindication of civil rights
> 42 U.S. Code 1983 Malicious Prosecution
> 42 U.S. Code 1983 Deprivation of rights interference with parent child relationship
> 42 U.S. Code 1983 9.33A Deliberate or reckless suppression of evidence
> 42 U.S. Code 12203 Prohibition against retaliation and coercion

(Compl. at 1). The first seven violations are tethered to Title 18 of the United States Code, which is exclusively dedicated to criminal statutes and serves as a primary resource for enforcing federal criminal law. *See* 18 U.S.C. (titled "Crimes and Criminal Procedure"). The Court of Federal Claims lacks jurisdiction over claims based on criminal statutes. *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007) ("Additionally, the Court of Federal Claims lacks jurisdiction over suits based upon criminal statutes."). Thus, the first seven violations are outside the Court's jurisdiction.

The Tucker Act itself does not provide an enforceable right against the United States. *Brooks v. United States*, 825 F. App'x 745, 748 (Fed. Cir. 2020). Rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.* (internal quotations omitted). Plaintiffs further cite 22 U.S.C. § 6401, (Compl. at 1), often called the International Religious Freedom Act. However, the International Religious Freedom Act is not a money-mandating scheme which would bring it under this Court's jurisdiction. *See generally* 22 U.S.C. § 6401. Nor does it provide a private cause of action for civil litigants. *See, e.g., Vela v. State Bar of Cal.*, 2024 WL 1906591, at *5 (E.D. Cal. May 1, 2024) report and recommendation adopted, 2024 WL 2701236 (E.D. Cal. May 24, 2024); *Strege v. Dep't of Motor Vehicles*, 2015 WL 1954452, *2 n.2 (D. Minn. Apr. 29, 2015); *Bey v. Ohio*, 2011 WL 5024188, *2 (N.D. Ohio Oct. 19, 2011). Therefore, this claim must also be dismissed.

Plaintiffs remaining claims are brought under Title 42, (Compl. at 1), which is a broader collection of laws covering civil rights, public health, and social welfare, *see* 42 U.S.C. (titled "The Public Health and Welfare"). The Court does not possess jurisdiction over any listed claims. Section 1307, for instance, pertains to the penalties for committing social security fraud. 42 U.S.C. § 1307 ("Penalty for Fraud" under Chapter 7 "Social Security"). It does not create a private right of action, nor does it mandate the payment of money by the United States. *See Manigault v. Spry*, 2024 WL 1345340, at *4 (N.D.N.Y. Mar. 28, 2024) (finding no basis for

inferring a civil cause of action under 42 U.S.C. § 1307). Similarly, the Court of Federal Claims does not have jurisdiction over civil rights violations under sections of 1983 and 1988 of Title 42. *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973); *Ramirez v. United States*, 239 F. App'x 581, 583 (Fed. Cir. 2007) (general civil rights claims are "not based on any money-mandating provisions[] and . . . do not give rise to liability for the United States."). Finally, Section 12203 prohibits discrimination based on disability in programs, activities, and services provided by public entities under the Americans with Disabilities Act ("ADA"). These violations are outside the Court's jurisdiction as federal district courts have exclusive jurisdiction over ADA claims. 42 U.S.C. § 12133; *see also Maclin v. United States*, 121 Fed. Cl. 66, 68 (2015) (citing *McCauley v. United States,* 152 F.3d 948 (Fed. Cir.1998) (affirming that Court of Federal Claims lacked jurisdiction over an ADA claim because district courts have exclusive jurisdiction)).

In essence, HHS acts as a federal partner to state child protective agencies, but it does not provide direct oversight. *See generally HHS Family of Agencies*, U.S. Dep't of Health and Human Services, About, www.hhs.gov/about/agencies/index.html (last visited Aug. 19, 2024). Ignoring Plaintiffs' cited statutes, an *extremely* liberal reading of their allegations may allege negligent oversight by HHS—though getting there requires an exercise in hyperbole. (*See generally* Compl.). Even so, such a claim would be based in tort. *See* 28 U.S.C. § 1346. Claims based in tort are "clearly outside the limited jurisdiction" of the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1) (reciting only federal-law sources of rights and excluding cases "sounding in tort"); *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the [Claims Court's] jurisdiction claims sounding in tort.").

For the stated reasons, Plaintiffs' Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3), and their Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **GRANTED**. The Clerk **SHALL** enter judgment accordingly.

The Clerk is also **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions. The Court **CLARIFIES** that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiffs are not enjoined from proper post-dismissal filings in this case, nor are they required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once dismissed.

**IT IS SO ORDERED.**



*David A. Tapp*
DAVID A. TAPP, Judge